## Schroeder v. Schroeder.

*Divorce—Master—Duty of master—Duty to examine answer—Former suit.*

1. In divorce suits the Commonwealth or the public is always an unnamed third party to the proceeding, and on its behalf the courts or the master will take up the investigation of any fact properly averred whose determination is material to the issue.

2. It is the duty of the master to examine the answer filed by respondent, even though no proof is offered to support it and the respondent does not appear at the hearing.

3. If the answer refers to the testimony of libellant in a former and unsuccessful suit for divorce in the same court, and the master, upon examination of the record in the former suit, finds libellant's testimony in such suit is contradictory to her testimony before him in material and essential particulars, he is justified in recommending that the libel be dismissed.

4. In such case, the mere fact that the court permitted libellant to discontinue her former suit and withdraw the proceedings, does not prevent the master from examining the record and testimony in such suit.

Divorce. Exceptions to report of Bertram J. Murphy, master. C. P. Berks Co., Jan. T., 1925, No. 66.

*Silas R. Rothermel,* for libellant; *Paul H. Price,* for respondent.

RICHARDSON, J., Oct. 19, 1925.—This divorce case is before us on exceptions by libellant to the report of the master recommending that the libel be dismissed. The ground alleged in the libel is wilful and malicious desertion by respondent. The master found no adequate proof of such desertion, but finds in his report that ". . . viewing the testimony as a whole, the great preponderance is in favor of the conclusion that, if the libellant did not actually expel her husband from the common domicile without cause, he left by and with her consent and expressed wish. This was sufficient to repel the inference that his separation from her was wilful and malicious desertion, and, therefore, to defeat her application for divorce, there being no subsequent *bona fide* offer of reconciliation from either party." To this finding libellant excepts.

After a careful examination of all the testimony and the whole record in this case, we are of opinion that we must sustain the findings of the master, follow his recommendation and dismiss the exceptions to his report. It is

Schroeder *v.* Schroeder.

clear that the evidence in this case is not legally sufficient to establish the ground of divorce alleged in the libel with the degree of conclusiveness required in order to warrant a decree. It may be a hardship upon libellant to withhold it. But the court has no power to grant it except upon legal and adequate evidence.

The report of the master in this case shows a full realization on his part of the responsibilities of his appointment and a careful and conscientious discharge of his duty to the court. On the other hand, we are also impressed with the very able and skillful argument set forth in the brief of libellant's counsel. We agree with the master that it was his duty to examine the answer filed by the respondent in this case, even though no proof was offered in support of it, and even though respondent did not appear at the hearing. Akers *v.* Akers, 22 Pa. C. C. Reps. 550, 8 Dist. R. 419, is conclusive authority on this point. In divorce suits, unlike ordinary litigation, the Commonwealth or public is always an unnamed third party to the proceeding, and on its behalf the court, or the master appointed by it, will take up the investigation of any fact properly averred whose determination is material to the issue.

The answer filed in this case referred to previous testimony of libellant in an unsuccessful suit for divorce brought by her in this court against the very same respondent as in this case, in Schroeder *v.* Schroeder, March Term, 1921, No. 3, A. D. The answer averred as a fact that in the foregoing proceeding in 1921 the libellant did not assert or declare that respondent had deserted her, but that she testified under oath that on Sept. 27, 1920, which is the very day alleged as the day of desertion in this proceeding, she told respondent to leave and telephoned to him at his place of employment that he would find his clothing in the back yard of his house and that he should not again return to their home.

In view of this averment in the answer, it was certainly proper for the master to examine the testimony and the record in the previous divorce suit in 1921 between these same parties. The mere fact that on Dec. 5, 1921, after the master in that case had recommended a dismissal of her libel, the court permitted her to discontinue her suit and "withdraw said proceedings" does not prevent the master from examining said record and testimony. The order of the court did not authorize the withdrawal of the master's report from the files of this court. It is before us now and was properly considered by the present master. This is not like the case of Coolidge *v.* Coolidge, 4 Pa. C. C. Reps. 374 (1887).

Counsel for libellant practically admits, and the testimony of libellant in both proceedings certainly proves, that libellant, on Sept. 27, 1920, telephoned to respondent that he would have to leave and that his clothing would be put in the back yard. It is admitted also that, two days later, libellant delivered respondent's clothing to a deliveryman. Libellant admits in this proceeding that she telephoned to respondent on the day of his alleged desertion, but she says she only told respondent to "bring the rent home." In view of her previous testimony, the master very properly concluded that this testimony of libellant was not entirely accurate. Certainly it could not be reconciled with her previous statement that "I told him to leave me. . . . I told him not to come back, that he would find his suit-case out on the back porch."

Libellant attempts to explain this testimony by saying that in 1921, when she so testified under oath, she was not responsible and was a physical and mental wreck, and that she was much disturbed by the questions of respondent's attorney. She does not deny that she so testified, but she contends that what she then said was not correct. In our opinion, what she said in 1921,

Schroeder *v.* Schroeder.

only a few months after the separation, is more nearly correct than what she now says in 1925. Her counsel argues with much force that, even admitting she told respondent not to come back, her statement should not have been acted upon by respondent because, he says, it was made in the heat of a raging and violent quarrel. But the evidence fails to show such a heated and raging quarrel. There was a quarrel about money matters two days before libellant told respondent to leave, but no particular quarrel the day before, and none on the very day she telephoned to him. In fact, he was at work, and there was ample time and opportunity for libellant to cool off and consider the full meaning of her resquest that respondent should not come home and that she would not let him in the house.

The former master concluded that respondent's conduct was not such as to justify libellant in telling him to go or turning him out. There is not sufficient evidence before us from which we can conclude otherwise. The record shows that much of libellant's testimony regarding respondent's intemperate habits and his ill-treatment of her relates back to a period six years prior to the present separation, it being admitted that her husband's conduct was vastly improved since 1914.

In our opinion, the finding of the master and his conclusion that there was no wilful and malicious desertion in this case must be sustained.

And now, to wit, Oct. 19, 1925, the exceptions to the report of the master are dismissed and his report affirmed, a decree to be entered that the libel be dismissed, at costs of libellant.

From Charles K. Derr, Reading, Pa.